IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

 v.                                          CRIMINAL ACTION NO. 2:15-cr-00241
                                                                      (Honorable Thomas E. Johnston)

BOBBY D. BLANKENSHIP,

    Defendant.

**DEFENDANT'S BRIEFING REGARDING
THE CLASSIFICATION OF THE UNDERLYING CHARGE**

COMES NOW Defendant, Bobby D. Blankenship, by counsel, and submits this brief regarding the sentencing classification of the underlying charge pursuant to this Court's December 10, 2015 Order directing the parties to submit briefing on the same.

**INTRODUCTION**

Blankenship was initially charged in a three-count indictment for violations of 18 U.S.C. §§ 922(d)(1) and 924(a)(2) (transferring firearms to a prohibited person). The Prosecution and Blankenship (collectively, the "Parties") have executed that certain Plea Agreement, dated November 30, 2016 (the "Plea Agreement"). Under the terms of the Plea Agreement, Blankenship has agreed to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and has consented to the filing of a one-count information, which has been filed with this Court. Under the terms of the Plea Agreement, Blankenship has agreed to plead guilty to a single violation of 18 U.S.C. §§ 2 and 924(a)(1)(A) for aiding and abetting a straw purchase.

After holding a hearing on the matter, this Court raised the issue of whether, as a licensed firearm dealer, Blankenship's conduct is punishable as a misdemeanor under § 924(a)(3), rather than a felony as provided for in § 924(a)(1)(A). Having considered the matter, this Court ordered the Parties to brief the issue. In doing so, Blankenship makes special note that this brief is submitted at the behest of the Court and should not be considered to breach the Plea Agreement.

## ISSUES PRESENTED

(1)  Whether Blankenship, as a licensed dealer, should be charged with a felony or misdemeanor for knowingly making false statements on a required ATF Form 4473.

(2)  Assuming that a misdemeanor is the proper charge as to licensed dealers, whether the prosecution may circumvent the direct application of § 924(a)(3) by charging Blankenship with a felony indirectly through the use of accomplice liability.

## STATEMENT OF THE FACTS

Below is a summary of the Stipulation of Facts, which can be found in its entirety at Exhibit B to the Plea Agreement. The Stipulation of Facts does not contain each and every fact concerning the charges sets forth in the Information. The Stipulation of Facts, and summary thereto, are for the limited purpose of establishing a factual basis for the Defendant's Plea Agreement and shall not serve as an admission for purposes other than that certain Plea Agreement entered into by and between the Prosecution and Blankenship, dated November 30, 2015.

On September 1, 2012, at or near Logan, West Virginia, Blankenship knowingly aided and abetted another individual (hereinafter "B.T.") in knowingly making a false statement

on ATF Form 4473 during the sale of a firearm at Big Eagle Gun & Pawn III ("Big Eagle"), which at the time was a federally licensed firearm dealer. Form 4473 is a form required by federal law, to be kept in the records of Big Eagle.

On September 1, 2012, Blankenship was employed by Big Eagle. On that date, B.T. signed Form 4473, which falsely stated that B.T. was the transferee of a certain firearm. However, Section A of that form was completed by the true transferee of the firearm, Terry Tomblin, a person Blankenship knew of had reason to believe was prohibited from possessing firearms. It is stipulated that Blankenship aided and abetted the false statement by allowing B.T. to sign the Form 4473 instead of Terry Tomblin. It is further stipulated that Blankenship had B.T. sign the form because he knew Terry Tomblin would not pass the required background check.

## DISCUSSION

A threshold issue is whether Blankenship, as a licensed dealer, should be charged with a felony or misdemeanor for knowingly making false statements on a required ATF Form 4473. The facts of this case, however, present a more complicated issue – assuming that a misdemeanor is the proper charge as to licensed dealers, whether the prosecution may circumvent the direct application of § 924(a)(3) by charging Blankenship with a felony indirectly through the use of accomplice liability. Because Blankenship is alleged to have aided and abetted conduct punishable under section 924(a)(1)(A) (felony prevision), the Government has taken the position that he may be treated as a principal to the crime under accomplice liability. The issues are discussed more fully below.

I.    **Felony vs. Misdemeanor**

As an initial matter, federal law proscribes knowingly making false statements or representations with respect to the information required on ATF purchase forms. The law, however, discerns between conduct that is subject to misdemeanor punishment, § 924(a)(3), and conduct that is subject to felony punishment, § 924(a)(1)(A). While both subsections proscribe the same type of conduct, they differ in coverage. Section 924(a)(1) applies to "whoever" makes any false statement or representation in connection with a firearm sale. Because of the general nature of this subsection's coverage, it could apply to both sellers and purchasers. In contrast, § 924(a)(3) applies exclusively to licensed dealers whom knowingly make any such false representations. The felony provision states, in pertinent part, that:

> *Except as otherwise provided in this subsection*, subsection (b), (c), (f), or (p) of this section, or in section 929, whoever-
>
> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter;
> ....
>
> (D) willfully violates any other provision of this chapter, shall be fined under this title, *imprisoned not more than five years*, or both.

18 U.S.C. § 924(a)(1) (emphasis added).

The misdemeanor provision states, in pertinent part, that:

> *Any licensed dealer, licensed importer, licensed manufacturer, or licensed collector* who knowingly—(A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter ... shall be fined under this title, imprisoned not more than one year, or both.

18 U.S.C. § 924(a)(3) (emphasis added).

Section 924(a)(1) provides a general penalty provision that is applicable "[e]xcept as otherwise provided" in subsection (a), (b), (c), (f), or (p) of the section. In turn, subsection (a)(3), pertinent here, is a more specific misdemeanor penalty provision applicable only to "[a]ny licensed dealer, licensed importer, licensed manufacturer, or licensed collector." Accordingly, because the statute has "otherwise provided" for the punishment of licensed dealers, § 924(a)(1) is inapplicable to false statements by licensed dealers.

In similar cases, the government has relied on *U.S. v. Batchelder*, 442 U.S. 114 (1979). In *Batchelder*, the Court held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." *Id.* at 123-124.

*Batchelder* held that when an act violates more than one criminal statute, the Government may prosecute under either. *Id.* It is important, however, to note that the opinion in *Batchelder* contemplated the application of two different statutes, whereas here, this Court is asked to interpret two penalty provisions within the same statute. Several similarly situated courts have noted this distinction and held that the government's ability to choose between penalty provisions of different statutes did not equally apply to its choice between two penalty provisions contained in the same statute. *United States v. Percival*, 727 F. Supp. 1015 (E.D. Va. 1990) *aff'd,* 932 F.2d 964 (4th Cir. 1991) (unpublished); *United States v. Wegg*, 919 F.Supp. 898, 903 (E.D.Va.1996). *United States v. Dedrick*, 665 F. Supp. 2d 535, 538 (W.D.N.C. 2009). As such, the ruling in *Batchelder* is critically distinguishable, and thus, inapplicable as between § 924(a)(1)(A) and § 924(a)(3).

This approach is in accord with principles of statutory construction established by the Supreme Court and the Fourth Circuit. *See Edmond v. United States*, 520 U.S. 651, 657 (1997) (holding that "where a specific provision conflicts with a general one, the specific governs"); *United States v. Mitchell*, 39 F.3d 465, 475 (4th Cir.1994) (applying a more specific penalty provision to punish criminal conduct instead of a more general penalty provision); *Yi v. Federal Bureau of Prisons*, 412 F.3d 526, 535 (4th Cir.2005) (noting that rule of lenity "applies not only to resolve issues about the substantive scope of criminal statutes, but to answer questions about the severity of sentencing").

Although the Fourth Circuit has not addressed this specific issue as it relates to the sentencing provisions of § 924, district courts within the Fourth Circuit have held that firearm dealers are subject to misdemeanor punishment under § 924(a)(3), and not felony punishment under § 924(a)(1)(A). These courts have noted, for example, that under canons of statutory construction, the more specific provision takes precedence over the more general provision, and any ambiguity on this point should be resolved in favor of lenity. *See United States v. Jackson*, 926 F. Supp.2d 691, 707-08 (E.D.N.C. 2013); *Dedrick*, 665 F.Supp.2d at 537–38 (W.D.N.C.2009); *Wegg*, 919 F.Supp. at 903; *Percival*, 727 F.Supp. at 1017–18.

It is axiomatic that where a statute describes an offense generally and attributes felony punishment to all violators except for an excepted group who may only receive misdemeanor punishment, those in the excepted group may only be prosecuted for the misdemeanor. In *Wegg*, the district court held that "[w]hile straw purchasers and intended purchasers of firearms who engage in the straw purchase may be liable for felony convictions,

6

licensed dealers engaged in the same straw purchase may only be guilty of a misdemeanor." *Wegg*, 919 F. Supp. at 903.

As such, it is quite clear that the law treats individual members of the straw purchase transaction differently: licensed dealers are liable for misdemeanor, all others are liable for felony. As between § 924(a)(1)(A) and §924(a)(3), §924(a)(3) applies to licensed gun dealers involved in such straw purchases.

## II. Accomplice Liability

While relevant case law would suggest that, as a licensed dealer, Blankenship's conduct is punishable as a misdemeanor, the Government instead seeks felony punishment under the principles of accomplice liability. Here, Blankenship has not been charged directly under §924(a)(1)(A), rather he has been charged with "aiding and abetting" the violation of §924(a)(1)(A). In essence, the Government is attempting to avoid any direct application of the § 924(a)(3), and instead, use accomplice liability to indirectly charge Blankenship with a felony.

The Plea Agreement stipulates that Blankenship plead guilty to a violation of 18 U.S.C. §§ 2 and 924(a)(1)(A) for aiding and abetting a straw purchase. Additionally, it is stipulated that Blankenship "knowingly aided and abetted" another individual in knowingly making a false statement on the ATF Form 4473. The aiding and abetting statutes provide that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C.A. § 2. It is worth noting that the aiding and abetting statute applies to the entire criminal code.

The Fourth Circuit has not addressed this particular issue; however, a Virginia district court has held that licensed dealers may only be sentenced to a misdemeanor in such instances. *Wegg*, 919 F. Supp. 898. In *Wegg*, the district court faced the exact question presented here – whether the defendant gun dealer, who had knowingly engaged in a straw purchase, could be subject to a felony penalty as an accessory when, if he were directly charged, he would subject only to a misdemeanor penalty. The court held that he could not be charged with accomplice felony liability. *Id.* at 905–908. The court first noted that the gravamen of the felony aiding and abetting offense and the misdemeanor offense were identical. *Id*. at 905–906. The court then engaged in a lengthy review of the statute and the question before it, which culminated in this holding: "[N]umerous approaches to the question in this particular case ... all [lead] to the same conclusion: the misdemeanor provision may not be circumvented through the use of accomplice liability." *Id*. at 906.

Conversely, the Sixth Circuit has held that a defendant-dealer may be culpable of accomplice felony liability for aiding and abetting false statements. *United States v. Carney*, 387 F.3d 436 (6th Cir.2004). In *Carney*, the court upheld felony convictions of federally-licensed firearms dealers who were alleged to have sold firearms to convicted felons who repeatedly came into defendants' gun stores, accompanied by a woman who would falsely identify herself as the purchaser of the weapons on ATF Form 4473s. *Id.* The convicted felons provided the purchase money to defendants, and walked out of the store with the weapons. *Id*. The court ruled that the

defendant gun dealers were culpable of accomplice felony liability because they aided and abetted the 924(a)(1)(A) conduct of non-licensed individuals.

The court in *Carney* was faced with the same issue presented here. There, the Sixth Circuit held that the government was not constrained to the sentencing provisions of § 924. Rather, the government had prosecutorial discretion to instead charge defendants with aiding and abetting § 924(a)(1)(A) violations. The *Carney* court relied on the holdings in *Batchelder* and *Schaffner*. *See Batchelder*, 442 U.S. at 123–24 (instructing that where a defendant's conduct offended more than one statute, federal authorities may prosecute him under any or all such enactments); *United States v. Schaffner*, 715 F.2d 1099, 1102 (6th Cir.1983) (explaining that, where a defendant's alleged conduct satisfied the elements of both a misdemeanor and a felony offense, the United States Attorney was "free to prosecute under any applicable statute without regard to which statute is more specifically tailored to the facts alleged.... There is no general rule of lenity which requires the government to forego a felony prosecution simply because a misdemeanor statute may also be applicable.") The Sixth Circuit ruling is, thus, contrary to the holding in *Wegg*.

The reasoning in *Wegg*, however, is more persuasive. As mentioned above, *Wegg* held that allowing prosecutors to wholly circumvent the provisions applicable to licensed dealers by charging felony violations indirectly through the use of accomplice liability would directly contravene the purpose of the legislation. *See Wegg*, 919 F. Supp. 898. In *Wegg,* the court noted, quite appropriately, that the prosecution of licensed dealers, through aiding and abetting, would avoid the direct application of the misdemeanor provision. *Id.* Stated another way, the court noted that:

9

> [I]n a direct straw purchase prosecution of a licensed dealer under § 924(a)(3)(A), the government must show that the licensed dealer knew that the person who was filling out the BATF form was not the intended and actual transferee of the firearm, thus his attestation to the lawfulness of the transaction was false. In an accomplice prosecution under § 924(a)(1)(A), the government would similarly be required to show that the licensed dealer knew that the straw purchaser was not the intended transferee. Thus the gravamen of the offense in both situations is the licensed dealer's knowledge of the identity of the true purchase. Moreover, defendant's acts, and those of others like him, constitute a direct violation of § 924(a)(3)(A), as well as an indirect violation, through the aiding and abetting charges, of § 924(a)(1)(A). Again, the direct method would call for a misdemeanor, while the indirect method would call for a felony.

*Id.*

The opinion in *Wegg* also pointed to a general exception to accomplice liability – the "inevitable incident" rule. Under the "inevitable incident" rule, one cannot be an accomplice if one's conduct is "inevitably incident" to the commission of the offense. *See*, Model Penal Code § 2.06(6)(b). Thus a prostitute generally cannot be an accomplice in the act of solicitation of a prostitution. The court found that this exception applied to the prosecution of licensed dealers involved in straw purchases. The court stated as follows:

> The licensed dealer's participation in the sale is "inevitably incident" to the straw purchase, whether or not he has the knowledge that the sale is illegal. A straw purchase could not occur but for the involvement of the dealer, much like adultery or statutory rape could not occur without the involvement of the "partner" or the under-age female. Furthermore, just as the criminal law may treat the customer of a prostitute differently from the prostitute by having a separate statute or the adulterer different from his or her "partner," the present statute explicitly treats sellers of guns different from purchasers. See also, *United States v. Hogan*, 886 F.2d 1497, 1503–04 (7th Cir.1989) (stating the principle but showing its inapplicability where the statute is explicitly intended to include the incidental conduct, such as where a statute is extended to punish a bribe-giver as well as the bribe-taker).

*Wegg*, 919 F. Supp. at 908.

The *Wegg* opinion provides an extensive and well-thought analysis of the issues presented in the present case. As discussed above, allowing prosecutors to wholly circumvent the provisions applicable to licensed dealers by charging felony violations indirectly through the use of accomplice liability would directly contravene the purpose of the legislation. In sum, adopting the Government's position on the issue presented would render § 924(a)(3) completely inoperable.

## CONCLUSION

A close analysis of the statutes and cases cited above suggest that (1) as between § 924(a)(1)(A) and § 924(a)(3), the misdemeanor provision applies to the case at hand and (2) accomplice felony liability for aiding and abetting false statements is improper because it circumvents the legislative intent of § 924 and renders § 924(a)(3) inoperable and devoid of any meaning.

As stated above, this brief is submitted at the behest of the Court and should not be considered to breach the Plea Agreement.

                                                                                  BOBBY D. BLANKENSHIP
                                                                                  By Counsel

/s/ Diana Leigh Johnson
Diana L. Johnson (WVSB #7466)
Andrew C. Robey (WVSB # 12806)
BOWLES RICE LLP
600 Quarrier Street
Post Office Box 1386
Charleston, West Virginia 25325-1386
304-347-1100
*Counsel for Defendant*

7863063.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                        Civil Action No. 2:15-CR-00169

**BOBBY D. BLANKENSHIP,**

    Defendant.

## CERTIFICATE OF SERVICE

        I, Diana L. Johnson, of Bowles Rice LLP, do hereby certify that I have served the *Defendants Briefing Regarding the Classification of the Underlying Charge*, electronically, via the CM/ECF system for the United States District Court Southern District of West Virginia to the following counsel:

        Ms. Jennifer Rada Herrald, Esq.
        U. S. ATTORNEY'S OFFICE
        P. O. Box 1713
        Charleston, WV 25326-1713
        304/345-2200
        Fax: 304/347-5104
        E-mail: jennifer.herrald@usdoj.gov

on this 23rd day of February, 2016.

                                                      */s/ Diana Leigh Johnson*
                                                        Diana Leigh Johnson (WVSB # 7466)