```
        IN THE UNITED STATES DISTRICT COURT FOR THE
            SOUTHERN DISTRICT OF WEST VIRGINIA
                        CHARLESTON
```

UNITED STATES OF AMERICA

v.                                      CRIMINAL NO. 2:15-cr-00241

BOBBY D. BLANKENSHIP


             RESPONSE OF THE UNITED STATES TO
         ORDER TO BRIEF CLASSIFICATION OF CHARGE

Comes now the United States of America, by Jennifer Rada Herrald, Assistant United States Attorney for the Southern District of West Virginia, and responds to the Court's order to brief the classification of the charge to which defendant has pled guilty.

BACKGROUND

On December 10, 2015, a plea hearing was held during which defendant pleaded guilty to a single-count information pursuant to a plea agreement. The information, filed on December 1, 2015, charged defendant with a violation of 18 U.S.C. §§ 2 and 924(a)(1)(A) (aiding and abetting a straw purchase). Per the terms of the plea agreement, defendant agreed that the maximum penalty for the crime to which he had agreed to plead guilty was 5 years of incarceration (making the offense a Class D felony under 18 U.S.C. § 3581). The plea agreement also contains a clause indicating that if either party

violates the terms of the plea agreement, the other party has the right to void the agreement.

During the plea hearing, the Court raised a question as to whether the offense to which defendant pled guilty should be considered a felony or misdemeanor.  The parties proffered that the issue had been discussed during the plea negotiation process and that the parties agreed that the crime charged constituted a felony as to defendant.  Out of an abundance of caution, the Court requested the parties to submit briefing on the issue.  As detailed below, it is the position of the United States that the crime to which defendant pled pursuant to the plea agreement is a felony offense as to defendant.

## DISCUSSION

1. <u>Terms of the Plea Agreement</u>

As an initial matter, the United States believes the posture of the instant case must be considered.  Defendant and the United States have entered into a plea agreement in which defendant agreed to plead guilty to a specific statute and further agreed that the statute to which he was pleading guilty carried felony penalties. Per the proffer of the parties at the plea hearing, it was the express understanding of the parties at the time they entered into the plea agreement contract that defendant was pleading guilty to a felony, not a misdemeanor.

"It is well settled that the interpretation of plea agreements is rooted in contract law, and that each party should receive the benefit of its bargain." *United States v. Ringling*, 988 F.2d 504, 506 (4th Cir. 1993). The instant plea agreement involves defendant agreeing to plead guilty to charges set forth in an information. Defendant is also currently charged with three additional felony offenses (violations of 18 U.S.C. § 922(d)(1)) via indictment in Case No. 2:15-cr-00169. Per the terms of the plea agreement, the United States agreed to dismiss those additional felony charges in exchange for, among other benefits, defendant agreeing to plead guilty to the substantive felony offense set forth in 18 U.S.C. § 924(a)(1)(A).

To the extent that this Court concludes that defendant should properly be convicted and sentenced under 18 U.S.C. § 924(a)(3) rather than the statute agreed to in the plea agreement, the Court should decline to accept the plea agreement rather than alter the terms of the contract and deprive the United States of the benefits of the bargain it reached with defendant. "Modification of the terms of a plea agreement is . . . beyond the power of the district court." *United States v. Wood*, 378 F.3d 342, 350 (4th Cir. 2004), *quoting United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999). As noted in *Howle*, a modification to the plea agreement, such as converting a contemplated felony conviction to a misdemeanor, "would impermissibly alter the bargain at the heart of the agreement" and

create a new agreement into which the United States may have been unwilling to enter. *Howle*, 166 F.3d at 1169. "Having approved the plea agreement, the district court had no more right to change its terms that it would have to change the terms of any other contract." *Id.*

2. Classification of the Offense

In accordance with the terms of the plea agreement in the instant case, defendant has agreed to plead guilty to an information charging him with aiding and abetting a violation of the substantive offense set forth at 18 U.S.C. § 924(a)(1)(A). Defendant, who at the time of the offense was employed by a federally licensed firearms dealer but was not himself a licensed dealer, aided and abetted another individual, identified as B.T., in knowingly making a false statement on ATF Form 4473 during the sale of a firearm. It was known to defendant at the time of the transaction that the true recipient of the firearm, Terry Tomblin, was a prohibited person. Neither Terry Tomblin nor B.T. is a federally licensed firearms dealer.

Despite being located in a section of the U.S. Code that primarily addresses penalties, 18 U.S.C. §§ 924(a)(1)(A) and 924(a)(3) constitute substantive criminal offense statutes. *United States v. Wegg*, 919 F. Supp. 898, 902 (E.D. Va. 1996). Section 924(a)(1)(A) provides for felony punishment of anyone who knowingly makes a false statement with regard to the information required to

be kept by licensed dealers.  Section 924(a)(3) separately creates a misdemeanor provision for similar conduct that applies only to a specific subset of individuals – those who are specifically licensed under the law as a federal firearms dealer.  Defendant has agreed to plead guilty to the substantive felony offense of aiding and abetting a violation of 18 U.S.C. § 924(a)(1)(A).  In analyzing the following case law, which addresses the statutes and penalties applicable to licensed firearms dealers, it is necessary to keep in mind that defendant is not himself a federally licensed dealer – he has not applied for nor been granted a license under federal law.  The fact that he was employed by a licensed dealer does not automatically turn him into a licensed dealer, nor does 18 U.S.C. § 924(a)(3) reference employees of licensed dealers.

   The issue as to whether a federally licensed dealer is subject to conviction under the felony offense of 18 U.S.C. § 924(a)(1)(A) has been addressed in several cases, although it has not been addressed by the Fourth Circuit.  In the Sixth Circuit, the appellate court concluded that two individuals, each a federally licensed firearms dealer, were properly convicted of felonies for aiding and abetting other individuals who were not licensed dealers in committing the felony offense of violating 18 U.S.C. § 924(a)(1)(A).  *United States v. Carney*, 387 F.3d 436, 446 (6th Cir. 2004).  The circuit court found that the statutory language of the misdemeanor

offense did not entirely supersede the felony offense as to licensed dealers, and that licensed dealers who aid and abet others in felonious violation of 18 U.S.C. 924(a)(1)(A) expose themselves to felony accomplice liability. *Id.* at 444-46.

In so finding, the Sixth Circuit cited positively to decisions in three other circuits. Only one of those cases, *United States v. Al-Muqsit*, 191 F.3d 928 (8th Cir. 1999), specifically addressed the application of the substantive felony offense of 18 U.S.C. § 924(a)(1)(A). The Eighth Circuit therein held:

> [t]here is simply nothing in the language or legislative history of the statute . . . to indicate Congress intended to do anything more than allow for the *option* of misdemeanor prosecution for licensed dealers who make false statements on ATF forms, while leaving intact the felony prosecution structure for those such as [defendants] whose flagrant and repeated actions in accepting false ATF forms from straw purchases . . . warrants felony punishment.

*Id.* at 935 (emphasis added). Specifically, the Eighth Circuit cited to the history of the Firearm Owners Protection Act of 1986, which added the misdemeanor offense under 18 U.S.C. § 924(a)(3), noting that the amendments were meant "to ensure that law-abiding citizens would not be subject to severe criminal penalties for unintentional missteps." *Id.*, *quoting United States v. Obiechie*, 38 F.3d 309, 312 (7th Cir. 1994). The inclusion of an alternative statute with a less-stringent penalty does not render the felony provision inapplicable to those licensed dealers who engage in serious criminal

behavior, such as aiding and abetting straw purchases involving prohibited persons, rather than those who engage in minor record-keeping errors. *See id.* at 935-36.

The remaining appellate decisions cited by *Carney* deal with determinations of the appropriate sentence for a federally licensed dealer who has committed a substantive offense under 18 U.S.C. § 922 rather than the substantive felony to which defendant has pled guilty. The defendants in both *United States v. Rietzke*, 279 F.3d 541 (7th Cir. 2002), and *United States v. Jarvouhey*, 117 F.3d 440 (9th Cir. 1997), were licensed dealers who had entered conditional guilty pleas to violations of 18 U.S.C. § 922(b)(5) that permitted them to argue that they should be sentenced under the misdemeanor penalty provision. Both cases alleged willful record-keeping violations by the dealers, and both appellate courts affirmed the application of the felony penalty provision under 18 U.S.C. § 924(a)(1)(D) by the district court despite the misdemeanor language set forth in 18 U.S.C. § 924(a)(3). These cases further demonstrate that the misdemeanor provision does not preclude felony record-keeping penalties for licensed dealers.

A handful of district court cases have found that the misdemeanor provision rather than the felony provision must apply to licensed dealers. In *United States v. Wegg*, 919 F. Supp. 898 (E.D. Va. 1996), the district court, following a jury trial in which the

defendant, a federally licensed firearms dealer, was convicted of twenty-five counts of aiding and abetting violations of 18 U.S.C. § 924(a)(1)(A), determined that the case should have been properly charged under the misdemeanor provision. The district court directed that the convictions be changed to convictions under 18 U.S.C. § 924(a)(3) and sentenced the defendant under the misdemeanor provision. The district court felt compelled, despite noting its "displeasure," to interpret the statute to preclude felony liability for federally licensed dealers under "Congress' counter-productive policy" even when those dealers may "be responsible for dozens or hundreds of guns getting into the wrong hands." *Id.* at 909. The Sixth Circuit in *Carney* rejected the defendant's attempt to rely upon the holding in *Wegg*, concluding that "the *Wegg* decision was poorly reasoned and is inconsistent with all published circuit court authority on the matter." *Carney*, 387 F.3d at 444 n.7. The United States, agreeing with the Sixth Circuit, believes that *Wegg* was incorrectly decided and should carry no persuasive value.[1]

---

[1] Another district court case from the Eastern District of Virginia, *United States v. Percival*, 727 F. Supp. 1015 (E.D. Va. 1990), addressed the issue solely as a penalty issue for a different substantive offense, 18 U.S.C. § 922(b)(5). That court, noting the policy of lenity when the legislative history is ambiguous, applied the misdemeanor sentencing provision instead of the felony provision set forth in 18 U.S.C. § 924(a)(1)(D). *Id.* at 1019. *Percival* was explicitly rejected by the Ninth Circuit in *Jarvouhey*. *Jarvouhey*, 117 F.3d at 442. *Percival* is also directly contrary to the Seventh Circuit holding in *Rietzke*.

More recently, a district court found that the appropriate charge against federally licensed dealers was aiding and abetting a violation of 18 U.S.C. § 924(a)(3) in a case where the evidence introduced at trial demonstrated that the aiding and abetting involved only licensed dealers. *United States v. Dedrick*, 665 F. Supp. 2d 535, 540 (W.D.N.C. 2009). That district court distinguished *Carney* by noting that in *Carney* "the defendants were unambiguously convicted of aiding and abetting unlicensed individuals in their violations of § 924(a)(1)(A)" and distinguished *Al-Muqsit* on similar grounds. *Id.* Given that the instant case, like *Carney* and *Al-Muqsit*, involves aiding and abetting unlicensed individuals, the holding in *Dedrick* does not support the conclusion that the offense should be a misdemeanor as to defendant.

One case, *United States v. Jackson*, 926 F. Supp. 2d 691, 706-708 (E.D.N.C. 2013), did amend the charges in an indictment from felony violations of 18 U.S.C. § 924(a)(1)(A) to misdemeanor violations of 18 U.S.C. § 924(a)(3) as to high level employees of Blackwater Worldwide, Inc., a federally licensed firearms dealer. The employees were the president of Blackwater and the employee in charge of all filings for the company related to its status as a federally licensed dealer. *Id.* at 695-96. According to the indictment, the two employees aided and abetted each other to make false statements on ATF forms in order to account for the disposition of several

firearms to the King of Jordan.  *Id.* at 697-98.  The company had provided the firearms to the King of Jordan as gifts in order to gain favor and potential government contracts with the Kingdom of Jordan. *Id.*  Thus, in *Jackson*, the employees, including the president of the company, were functioning within the scope of their employment and for the specific benefit of their employer when they committed the crime.  *Id.* at 707.  The facts in *Jackson* are clearly distinguishable from the instant case, as defendant, unlike the defendants in *Jackson*, was not working at the behest of his employer when he aided and abetted straw purchases designed to assist a convicted felon in obtaining firearms.[2]

Even if defendant was considered to be a federally licensed dealer, the persuasive weight of the case law holds that it makes a fundamental difference when a dealer is aiding and abetting an unlicensed member of the public in committing a violation of 18 U.S.C. § 924(a)(1)(A).  With the singular exception of the district court in *Wegg*, courts that have concluded that when a licensed dealer aids and abets a felonious act in violation of 18 U.S.C. § 924(a)(1)(A), that dealer can also be liable under the felony offense.  As the Sixth Circuit noted, the analysis in *Wegg* is not persuasive.  The United

---

[2] *Jackson* also specifically noted that the facts of that case, which involved aiding and abetting amongst employees of a licensed dealer, were "critically distinguishable" from cases like *Carney*, where the licensed dealer aided and abetted an unlicensed member of the public. *Jackson*, 926 F. Supp. 2d at 709.

States urges this Court to follow the holding in *Carney* and other cases and accept the plea agreement between the parties to the felony offense of aiding and abetting a violation of 18 U.S.C. § 924(a)(1)(A).

                          Respectfully submitted,

                          CAROL A. CASTO
                          Acting United States Attorney

By:
            /s/ Jennifer Rada Herrald
            Jennifer Rada Herrald
            Assistant United States Attorney
            WV Bar No. 12181
            300 Virginia Street, East
            Room 4000
            Charleston, WV 25301
            Telephone:  304-345-2200
            Fax: 304-347-5104
            Email:  Jennifer.herrald@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "Response of the United States to Order to Brief Classification of Charge" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 23rd day of February, 2016, to:

>Diana L. Johnson, Esq.
>Bowles Rice LLP
>600 Quarrier Street
>Charleston, WV 25301
>djohnson@bowlesrice.com

>/s/ Jennifer Rada Herrald
>Jennifer Rada Herrald
>Assistant United States Attorney
>WV Bar No. 12181
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone:  304-345-2200
>Fax: 304-347-5104
>Email:  Jennifer.herrald@usdoj.gov